

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable John D. Reed, Commissioner
Bureau of Labor Statistics
Austin, Texas

Dear Sir:

Opinion No. O-3712
Re: Under Sec. 17 and Sec. 18,
Boiler Inspection Law, would
the State Treasurer be allowed
to accept warrants drawn on
the General Revenue Fund for
deposit in the Boiler Inspec-
tion Fund?

This is to acknowledge your request of recent date
for our opinion on the above question.

We quote portions of your letter:

"In carrying out the duties of the Texas
Boiler Inspection Law (House Bill 352—45th
Legislature, as amended by House Bill 419—46th
Legislature) it is necessary that we inspect
and pass on certain steam boilers used by va-
rious State institutions throughout the State.

"The statutes set out a prescribed fee
for the inspection of these boilers. Most of
the State institutions who have boilers that
are required to be inspected and passed are
complying with the requirements of the law;
however, some institutions are submitting to
this Department for payment of the statutory
fee warrants drawn on the General Revenue Fund.

"Section 17 of the Boiler Inspection Law
states:  'The funds collected under the pro-
visions of this Act shall be paid into the
State Treasury and kept in a special fund to
be known as the "State Boiler Inspection Fund"

and shall be paid out for salaries, travel-
ing expenses and other necessary expenses
specified in this Act and upon proper account
duly approved by the Commissioner.'

"* * *.

"Will you please advise us if, under Sec-
tion 17 and Section 18 of the Boiler Inspection
Law, the State Treasurer would be allowed to
accept these warrants for deposit into the
Boiler Inspection Fund. Also please advise us
if you can find that he is not authorized to
accept these warrants, if we would be justified
in refusing to accept General Revenue warrants
to cover the statutory fee for boiler inspec-
tion as prescribed in this Act."

In addition to Sections 17 and 18 of the Boiler Inspec-
tion Law cited by you, we direct your attention to Section 12 of
the same Act. (Art. 5221c, Vernon's Annotated Civil Statutes,
same sections.) These sections require payment of all fees and
funds collected under provisions of the Boiler Inspection Law
into the State Treasury to be kept in a special fund to be known
as the "State Boiler Inspection Fund."

The statutes prescribe the manner and method of making
deposits into the State Treasury. A deposit warrant must be ob-
tained from the Comptroller of Public Accounts, in accordance
with the provisions of Article 4353, Vernon's Annotated Civil
Statutes, which forbids receipt of any deposit to any account,
except upon such deposit warrant. Article 4354, Vernon's Anno-
tated Civil Statutes, provides for the issuance of deposit re-
ceipts by the Treasurer. Article 4370 requires the Treasurer to
receive, on the warrants of the Comptroller "all moneys which
shall from time to time be paid into the State Treasury" etc.,
providing for the issuance and disposition of duplicate and trip-
licate receipts.

After a careful examination of the applicable statutes,
we are unable to find authority for the State Treasurer to accept
the warrants under consideration until they are regularly called
for payment. Because of the deficit in the General Revenue Fund,
no "funds," or "moneys" are available for deposit to the credit
of the Boiler Inspection Fund upon such warrants. Until revenues
accumulate sufficiently to pay same, therefore, the Treasurer
could not properly credit the State Boiler Inspection Fund with

such warrants.

We have been unable to find justification for your office to refuse to accept the General Revenue Warrants when tendered you by the State institutions. Such warrants, when regularly issued, are valid existing obligations of the State; and while the Treasurer is neither required nor authorized to redeem them in cash until funds are available with which to pay, we are aware of no law, express or implied, to prevent you holding them to be cashed and the proceeds duly and properly deposited to the credit of the State Boiler Inspection Fund upon receipt by the Treasurer of sufficient funds for redemption.

Trusting that the above satisfactorily answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

APPROVED JUL 11, 1941

By

FIRST ASSISTANT
ATTORNEY GENERAL

Benjamin Woodall
Assistant

BW:RS

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN